IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARION LOVELACE, both individually and [on] behalf of all others similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:09-cv-00421-UA-PTS |
| v. | ) ) | |
| WACHOVIA MORTGAGE CORPORATION, WACHOVIA CORPOATION, and WELLS FARGO & COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

Defendants Wachovia Mortgage Corporation, Wachovia Corporation and Wells Fargo Company (collectively herein referred to as "Defendants"), answering the Complaint filed by Marion Lovelace:

1. Admit that plaintiff purports to assert claims and seek relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"); admit that plaintiff asserts collective action claims; but deny the remaining allegations in paragraph 1 of plaintiff's Complaint;

2. Admit that Defendant Wachovia Mortgage Corporation employed plaintiff as a Mortgage Consultant; but deny the remaining allegations in paragraph 2 of plaintiff's Complaint;

3. Admit that plaintiff purports to bring this action as a collective action under the FLSA; but deny the remaining allegations in paragraph 3 of plaintiff's Complaint;

4. Admit plaintiff purports to assert claims and seeks relief pursuant to the FLSA and the NCWHA; but deny the remaining allegations in paragraph 4 of plaintiff's Complaint;

5. Admit that the Court has jurisdiction over this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331, but deny that this action is proper for collective action treatment; admit that this Court is empowered to issue injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, but deny that plaintiff can establish that she is entitled to injunctive relief; and deny the remaining allegations in paragraph 5 of plaintiff's Complaint;

6. Admit that this Court has jurisdiction over plaintiff's alleged state-law claims pursuant to 28 U.S.C. §1367; but deny plaintiff can state a claim under state law; and deny the remaining allegations in paragraph 6 of plaintiff's Complaint;

7. Admit that venue is proper in this Court; but deny the remaining allegations in paragraph 7 of plaintiff's Complaint;

8. Admit that Defendant Wachovia Mortgage Corporation employed plaintiff; but deny the remaining allegations in paragraph 8 of plaintiff's Complaint;

9. Admit that Defendant Wachovia Mortgage Corporation employed plaintiff as a Mortgage Consultant; admit that plaintiff was assigned to an office location in Greensboro, North Carolina; but deny the remaining allegations in paragraph 9 of plaintiff's Complaint;

10. Admit that Defendant Wachovia Mortgage Corporation employed plaintiff as a Mortgage Consultant from approximately February 2007 until September 2008; but deny the remaining allegations in paragraph 10 of plaintiff's Complaint;

11. Upon information and belief, admit the allegations in paragraph 11 of plaintiff's Complaint;

12. Deny the allegations in paragraph 12 of plaintiff's Complaint;

13. Admit that plaintiff asserts collective action claims and seeks collective action relief; but deny the remaining allegations in paragraph 13 of plaintiff's Complaint;

14. Admit that plaintiff asserts collective action claims and seeks collective action relief; but deny the remaining allegations in paragraph 14 of plaintiff's Complaint;

15. Admit the allegations in paragraph 15 of plaintiff's Complaint;

16. Admit that Defendant Wachovia Mortgage Corporation is a North Carolina Corporation based in Charlotte, North Carolina and is a subsidiary of Defendant Wachovia Corporation; but deny the remaining allegations in paragraph 16 of plaintiff's Complaint;

17. Admit the allegations in paragraph 17 of plaintiff's Complaint;

18. Deny the allegations in paragraph 18 of plaintiff's Complaint as the phrase "operate offices" is vague and undefined;

19. Admit the allegations in paragraph 19 of plaintiff's Complaint;

20. Admit the allegations in paragraph 20 of plaintiff's Complaint;

21. Admit the allegations in paragraph 21 of plaintiff's Complaint;

22. Admit that Defendant Wachovia Mortgage Corporation employed plaintiff as a Mortgage Consultant; but deny the remaining allegations in paragraph 22 of plaintiff's Complaint because the allegations do not fully and accurately describe plaintiff's duties as a Mortgage Consultant;

23. Deny the allegations in paragraph 23 of plaintiff's Complaint;

24. Deny the allegations in paragraph 24 of plaintiff's Complaint;

25. Deny the allegations in paragraph 25 of plaintiff's Complaint;

26. Admit that for some portion of plaintiff's employment as a Mortgage Consultant, Defendant Wachovia Mortgage Consultant agreed to pay plaintiff a draw of $2,000 per month; but deny the remaining allegations in paragraph 26 of plaintiff's Complaint;

27. Deny the allegations in paragraph 27 of plaintiff's Complaint;

28. Deny the allegations in paragraph 28 of plaintiff's Complaint;

29. Deny the allegations in paragraph 29 of plaintiff's Complaint;

30. Deny the allegations in paragraph 30 of plaintiff's Complaint;

31. Deny the allegations in paragraph 31 of plaintiff's Complaint;

32. Deny the allegations in paragraph 32 of plaintiff's Complaint;

33. Deny the allegations in paragraph 33 of plaintiff's Complaint;

34. Deny the allegations in paragraph 34 of plaintiff's Complaint;

35. Deny the allegations in paragraph 35 of plaintiff's Complaint;

36. Deny the allegations in paragraph 36 of plaintiff's Complaint;

37. Deny the allegations in paragraph 37 of plaintiff's Complaint;

38. Deny the allegations in paragraph 38 of plaintiff's Complaint;

39. Deny the allegations in paragraph 39 of plaintiff's Complaint;

40. Deny plaintiff is entitled to the relief sought in the "Wherefore" clause following paragraph 39 of plaintiff's Complaint or any other relief whatsoever.

## Affirmative and Additional Defenses

1. Wachovia Corporation and Wells Fargo & Company did not employ plaintiff and plaintiff, therefore, cannot state a claim against Wachovia Corporation and/or Wells Fargo & Company upon which relief can be granted.

2. Pursuant to, among other provisions, 29 U.S.C. §213 and 29 C.F.R. §541, plaintiff is exempt from the coverage of the FLSA, including its overtime pay provisions

3. Defendants also reserve the right to assert that any additional plaintiffs who may subsequently join this action also are exempt from the coverage of the FLSA, including its overtime pay provisions, pursuant to, among other provisions, 29 U.S.C. §213 and 29 C.F.R. §541.

4. Plaintiff's employer has acted in good faith at all times relevant to plaintiff's claims and reasonably believes it has not violated the FLSA under the circumstances.

5. If it is determined that plaintiff is entitled to any relief for overtime compensation, plaintiff's employer contends that plaintiff is limited to payment for overtime hours at one-half her hourly rate.

6. If it is determined that plaintiff is entitled to any relief for overtime compensation, plaintiff has already been compensated for such overtime.

7. Should the facts as developed in discovery support such a defense, plaintiff's employer reserves the right to assert the defense that plaintiff's claims or those of others allegedly "similarly situated to her" are barred by the applicable statute of limitations.

8. Plaintiff's claims are inappropriate for treatment as a collective action under the FLSA.

9. Some or all of the persons that plaintiff purports to represent are not similarly situated with respect to the legal and factual issues to be determined in plaintiff's FLSA action.

10. Should the facts as developed in discovery support such a defense, plaintiff's employer reserves the right to assert that plaintiff's Complaint and each and every purported claim alleged therein brought on any type of collective action basis cannot be maintained as a collective action, or as an action for individual recovery, because the named plaintiff and/or the putative class members she purports to represent on a collective action basis or some of them, may be required to individually submit their claims to mandatory final and binding arbitration pursuant to arbitration agreements covering their purported claims.

11. Should the facts as developed in discovery support such a defense, plaintiff's employer reserves the right to assert that plaintiff's Complaint, and each and every purported claim alleged therein, brought on a collective action basis cannot be maintained as any type of collective action, or as an action for individual recovery, because the named plaintiff and/or the putative class members she purports to

Based on the foregoing, Defendants, by counsel, request the Court to enter an Order dismissing plaintiff's Complaint, with prejudice; granting Defendants the costs and attorneys' fees expended herein; and granting such other relief as the Court deems just and proper.

This the 21st day of July 2009.

Respectfully submitted,

     s/ Aaron J. Longo
Kimberly Q. Cacheris, NCSB #20087
Bruce M. Steen, NCSB #30222
Aaron J. Longo, NCSB #33462
McGuireWoods LLP
Bank of America Corporate Center
100 N. Tryon St., Suite 2900
Charlotte, North Carolina 28202
(704) 373-8958
(704) 353-6169 (facsimile)
alongo@mcguirewoods.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| MARION LOVELACE, both individually and [on] behalf of all others similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:09-cv-00421-UA-PTS |
| v. | ) ) | |
| WACHOVIA MORTGAGE CORPORATION, WACHOVIA CORPOATION, and WELLS FARGO & COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2009, I electronically filed a Notice of Appearance with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert J. Willis, Esq.
Law Offices of Robert J. Willis
P.O. Box. 1269
Raleigh, North Carolina  27602
(919) 821-9031
rwillis@rjwillis-law.com

    Attorney Plaintiff

I hereby further certify that I have mailed the document to the following non-CM/ECF participants:

Michael J.D. Sweeney, Esq.
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370
msweeney@getmanlaw.com; and

Matt Dunn, Esq.
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370
mdunn@getmanlaw.com

Attorneys for Plaintiff.

Respectfully submitted,

s/ Aaron J. Longo
Kimberly Q. Cacheris, NCSB #20087
Bruce M. Steen, NCSB #30222
Aaron J. Longo, NCSB #33462
McGuireWoods LLP
Bank of America Corporate Center
100 N. Tryon St., Suite 2900
Charlotte, North Carolina 28202
(704) 373-8958
(704) 353-6169 (facsimile)
alongo@mcguirewoods.com

Attorneys for Defendants